### Ex Parte James Curtis WILLIAMS, Applicant.

### No. WR–14,740–04.

Court of Criminal Appeals of Texas.

June 13, 2012.

Julie Doucet, Public Defender's Office, Dallas, for Appellant.

Russell Wilson II, Asst. D.A., Dallas, Lisa C. McMinn, State's Attorney, Austin, for State.

### *ORDER*

PER CURIAM.

Applicant was convicted of aggravated sexual assault and sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Williams v. State*, No. 05–84–00098–CR (Tex.App.-Dallas, delivered April 22, 1985, pet. ref'd) (not designated for publication).

On March 16, 2012, applicant filed an application for a writ of habeas corpus alleging that he was actually innocent of the crime charged. As proof of his innocence, applicant relied upon recent DNA testing that excluded him as a contributor of the sperm specimen obtained from the victim. Applicant attached a Memorandum of Law to his application that contained further information regarding his claim.

The State filed an Amended Answer on April 20, 2012, that agreed that applicant's claim was meritorious. According to the State, not only did the DNA testing exonerate applicant and his co-defendant, Raymond Jackson, but it also identified the true perpetrators of the aggravated sexual assault. The State has acknowledged that both of the true assailants have admitted their involvement in the crime.

On May 16, 2012, the judge of the convicting court signed Agreed Findings of Fact and Conclusions of Law recommending that this Court grant applicant relief on his habeas corpus writ application.

This Court has not been able to resolve Applicant's writ application in an expeditious manner because the Dallas County District Clerk failed to forward all the records and materials contemporaneously with the writ application. Some supplemental materials, including a sealed exhibit (which should have remained sealed when sent) were forwarded to this Court after this Court received the writ application. However, the Dallas County District Clerk has still not forwarded all of the records and materials that are or should be part of the habeas record, including a transcript of the writ hearing.

Although a deputy clerk certified that the May 23, 2012, transmittal included "a true and correct transcript of all the matters and proceedings had and done in said cause," that was not accurate. Various

documents and exhibits were missing from that transmittal, some of which are still missing. Article 11.07, § 3(d) of the Texas Code of Criminal Procedure requires the clerk of the convicting court to "transmit to the Court of Criminal Appeals, under one cover, the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact." That is, the statute requires the clerk to forward all pertinent material in the habeas record, including transcriptions of all hearings, all exhibits, and all memoranda of law.

This Court cannot act without a complete record of the habeas application and hearing, but we do not currently have a complete record. Especially when the judge of the convicting court has recommended granting relief—and most especially when he recommends granting relief on the basis of actual innocence—the clerk must act expeditiously in forwarding all pertinent materials so that this Court may perform its duty.

THEREFORE, WE ORDER Gary Fitzsimmons, the Clerk of the District Courts of Dallas County, to forward all remaining materials which are or should be contained in the habeas corpus record of its writ No. W83–A0605–U, *James Curtis Williams vs. The State of Texas,* to the Court of Criminal Appeals of Texas before 5:00 p.m., Friday, June 15, 2012. Failure to file these materials before that time will result in Mr. Fitzsimmons being called before the Court to show cause why he should not be held in contempt. IT IS SO ORDERED June 13, 2012.